Moss, Judge,
delivered the opinion of the court:
This is an action for the refund of $2,602.84. This tax was paid in July, 1918, and was for a part of the 1917 taxes. A claim for refund filed November 19, 1923, was obviously too late. The document upon which plaintiff relies as constituting a claim for refund was an appeal to the Commissioner of Internal Revenue filed March 31, 1923. This ap *636 peal was a protest against an additional assessment, and neither in express terms nor by implication did plaintiff assert any claim for refund. This question has so frequently been decided in the courts that a further discussion of it-would seem to be useless. This court said in Feather River Lumber Co. v. United States, No. F-68, decided May 28, 1928 [66 C. Cls. 54].
“While it has been held that the form of the claim for refund is not essential, there has been no deviation from the well-established rule that the aggrieved taxpayer must assert his right to a refund by an application to the commissioner containing the grounds upon which he relies for such recovery before he will be permitted to bring action for same.”
The writ of certiorari in this case has been denied. In Stauffer, Eshleman & Co. v. United States, No. H-24, decided October 15, 1928 [66 C. Cls. 277], it was said that a request for special assessment could not be construed as a claim for the refund of an amount found refundable when the special assessment was granted. The decision in this case was accepted and no writ of certiorari was asked for. The underlying principle controlling this question was announced by the United States Supreme Court in the case of Nichols v. United States, 7 Wall. 122, in which it was stated : “And if you (the taxpayer) have complaint to make you must let the Commissioner of Internal Revenue know the grounds of it; but if he decides against you, or fails to decide at all, you can test the question in the courts if you bring your suit within a limited' period of time.” (Our italics.) See also Rock Island Railroad v. United States, 254 U. S. 141.
The petition will be dismissed, and it is so adjudged and ordered.
SiNNOtt, Judge; GkeeN, Judge; Gkaham, Judge; and Booth, Chief Justice, concur.