## WAUSAU SULPHATE FIBRE CO. v. UNITED STATES.

### No. J–618.

Court of Claims.

May 4, 1931.

This case having been heard by the Court of Claims, the court, pursuant to the stipulation of the parties, makes the following special findings of fact:

The plaintiff is a corporation which overpaid its income and profits taxes for the year 1920 in the sum of $22,753.40 in the year 1921. On October 10, 1925, plaintiff filed with the Commissioner of Internal Revenue a waiver (effective until December 31, 1926) of its right to have the income and profits taxes for 1920 determined and assessed within the statutory period; and in July, 1926, an audit of plaintiff's books and accounts was made by a revenue agent. Shortly after, and on July 20, 1926, the plaintiff wrote a letter to the supervising internal-revenue agent in charge at Milwaukee, Wis., which letter stated that it had examined the said report, and further as follows:

"We hereby agree to the amounts disclosed in such report as the net taxable income for these years.

"Under separate cover we are requesting that the excess-profits taxes be computed under section 210 in 1917, and sections 327 and 328 in 1918 and subsequent years, due to the abnormal conditions existing in our business during such period."

On October 15, 1926, the commissioner answered this communication denying the application for the assessment of the plaintiff's profits tax under the provisions of sections 210 and 328, and setting out the result of the audit, which showed an overassessment for 1920 in favor of plaintiff in the amount of $27,226.51. It was further stated in this letter that: "The overassessments shown above will be scheduled at the expiration of thirty days from the date of this letter in the form of certificates of overassessment, which will reach you in due course through the office of the collector of internal revenue for your district who thus will be officially notified of the rejection."

On October 25, 1927, the plaintiff filed a claim for refund in the sum of $27,226.51, setting out the grounds of the claim in full, and stating, "This formal claim for refund is amendatory of an informal claim for refund filed by claimant on July 20, 1926, as will now be shown," and also stating that the informal claim for refund was the letter of July 20, 1926, hereinabove referred to. There was no reference in the formal claim

for refund to the request made in the letter that the excess-profits taxes be computed under certain provisions of the statute on account of abnormal conditions in its business.

This claim for refund was denied by the commissioner on the ground that the letter of July 20, 1926, did not constitute an informal claim for refund, and that the application for refund was filed too late.

W. W. Spalding, of Washington, D. C. (Mason, Spalding & McAtee, of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiff overpaid its income and profits taxes for the year 1920 in the sum of $22,753.40, and now brings this suit to recover that amount. The defense is that the claim for refund was not filed until after the period of limitations had expired.

It appears that plaintiff had filed a waiver on October 10, 1925, effective until December 31, 1926, which, under section 284 (g) of the Revenue Act of 1926 (26 USCA § 1065 (g), served to extend the time for the filing of a claim for refund to April 1, 1927. But this was the latest date at which it could be filed, and there is no question but that what the plaintiff calls its "formal claim for refund" was not filed within the period of limitations. This so-called "formal claim" stated that it was "amendatory of an informal claim for refund filed by claimant on July 20, 1926," and also stated that the "informal claim for refund" was contained in a letter written to the supervising internal revenue agent at Milwaukee, Wis., on July 20, 1926, the material parts of which are set out in the findings. This letter not only made no mention of a claim for refund, but contained nothing that could even be said to refer to a claim for refund, directly or indirectly.

It appears from the evidence that this letter was written after plaintiff had received the report of an audit of its taxes for the year in question, and showed that this report had been examined. Beyond this, it merely requested that its excess-profits taxes be computed under certain sections of the statute (Revenue Act Oct. 3, 1917, § 210; Revenue Act 1918, §§ 327, 328 [40 Stat. 307, 1093]) which refer to what are commonly called "special assessments." On October 15, 1926, the commissioner answered this communication denying the application for the assessment of plaintiff's profits tax in the manner requested in the letter, and set out in detail the audit with the result thereof, which showed an overassessment for 1920 in the sum of $27,226.51. We do not think the letter upon which plaintiff relies could in any event be considered as a claim for refund. As above stated, it made no mention of a claim for refund, and contained nothing that could even be said to refer to a claim for refund directly or indirectly. It did not state that if a special assessment was granted it would show an overassessment of plaintiff's taxes, or other facts entitling it to a refund. The letter appears to have been written merely in the hope or expectation that if a special assessment was granted it *might* show that plaintiff was entitled to a refund, in which event a claim for refund would thereafter be filed. But the letter, even when considered in connection with all of the circumstances of the case, completely fails to satisfy the requirements of a claim for refund. See Stauffer, Eshleman & Co. v. United States, 66 Ct. Cl. 277.

There are other reasons why plaintiff's claim cannot be held to be sufficient. In United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. ——, decided by the Supreme Court, April 13, 1931, the taxpayer filed what was designated as a claim "for refund of taxes illegally collected." The sole ground stated for the reduction of tax demanded therein was that petitioner had filed with the commissioner an application for special relief from the amount of its excess-profits tax similar to the request made in the letter above referred to, but the suit was brought to recover what was alleged to be an overpayment of income and excess-profits taxes by reason of failure to allow the taxpayer a deduction on account of exhaustion or obsolescence of patents. The Supreme Court held that this claim was not a compliance with the statute, in that it did not set out the grounds on which suit was brought. Conceding arguendo that the letter might constitute an informal claim for refund, the grounds upon which suit is brought are altogether different from those stated in the letter, and the letter by itself and alone must be held insufficient upon the authority of United States v. Felt & Tarrant Mfg. Co., supra. Counsel for plaintiff contend that this defect is remedied by the claim for refund filed on October 25,

1927, which was sufficient in form, and that thereby plaintiff's claim was saved from the bar of the statute of limitations which expired on April 1st of that year. We are unable to agree with this contention. The opinion of the Supreme Court in the case above cited shows that the essence of a claim for refund is the statement of the grounds upon which it is based, and a mere general statement that the taxpayer claims a refund of a certain amount is not sufficient, although it is more than the plaintiff set out or claimed in the instant case. In one sense the second claim (if it may be called such) may be considered as amending any claim which was contained in the letter because the second claim so states, but in determining whether it operates to prevent the application of the statute of limitations we think a rule of pleading should be followed, especially as this rule is based on logic and reason. It is well settled that where a cause of action is defectively pleaded, an amendment not changing the cause of action but curing these defects does not make the cause of action subject to the statute of limitations, even though the amendment be filed after the expiration of the period thereof. On the other hand, if an amendment is filed after the expiration of the period of limitations setting up an entirely new cause of action it is barred by the statute, notwithstanding the original plea was filed in time. So in the instant case, even if we consider the letter as an informal claim for refund, the grounds constituted an altogether different cause of action from the one set out in the claim filed on October 25, 1927. As the filing of the later claim was after the period of limitations had expired and set up a totally different claim from that expressed in the letter, it does not help plaintiff's case.

The fact that a second claim was filed after the expiration of the period of limitations makes the bar of the statute of limitations apply for another reason. The commissioner had considered and rejected the so-called informal claim which made an application for special assessment, and it was no longer susceptible of amendment after the statute of limitations had expired, so as to give plaintiff the right to bring suit on another and different ground. Sugar Land Ry. Co. v. United States, 48 F.(2d) 973, decided by this court April 6, 1931; Mutual Life Ins. Co. of N. Y. v. United States (Ct. Cl.) 49 F. (2d) 662, decided this date.

It should be observed that the instant case differs from that of Bonwit Teller & Co. v. United States, 283 U. S. 258, 51 St. Ct. 395,

397, 75 L. Ed. ——, decided by the Supreme Court April 13, 1931. In that case the claim first presented was allowed as an informal claim for refund; in the instant case the claim first filed was rejected and never treated by the commissioner as a claim for a refund, either formal or informal. With reference to this point the Supreme Court said in the Bonwit Teller & Co. Case, supra: "The question here is to be distinguished from that which would have arisen if, contrary to the taxpayer's insistence, the Commissioner had held that what was done did not constitute a filing of a claim."

It follows that plaintiff's petition must be dismissed, and it is so ordered.