**WRIGHT & GRAHAM CO. v. UNITED STATES.**

No. J–615.

Court of Claims.

June 1, 1931.

Harry S. Hall, of New York City, for plaintiff.

George H. Foster, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The petition alleges that plaintiff is a corporation, and that it paid income and excess profits taxes for the fiscal year ending May 31, 1920, in the amount of $143,493.45. It is further alleged that on February 21, 1924, plaintiff filed a claim for refund, the material part of which is hereinafter set out. By its second amended petition, plaintiff claims that neither its invested capital, its inventory, nor its net income for the fiscal year 1920 was properly computed, and alleges that, had proper computations thereof been made, it would be entitled to a refund of $132,494.19 for which it prays judgment.

Defendant demurs on the ground that no claim for refund was filed which complied with the statute. This presents the sole issue to be determined on the demurrer.

The material portion of the claim which the petition shows plaintiff filed, and which defendant contends to be insufficient is as follows:

"6. Amount to be refunded (or such greater amount as is legally refundable), $254,745.48.

"7. Dates of payment: * * * Regular payment dates during term.

"8. District in which return (if any) was filed: Second district, New York, N. Y. * * *

"The item No. 6 above is the total tax as paid upon the income of the years 1917, 1918, 1919, and 1920, and inasmuch as the undersigned taxpayer's returns for those years are before the special assessment section of the commissioner's office, it is not possible to determine beforehand the exact amount refundable, but the difference between that so finally determined and that as paid shall be the amount claimed.

"There were further amended or duplicate returns filed for the years 1917, 1918, and 1919, upon which the taxpayer was not billed, but it wishes that any amounts assessed thereon shall be abated. The reasons for this claim are those specifically set out in the taxpayer's brief now on file in the commissioner's office and such any and all other facts that may be developed and this claim duplicates original claim as filed with said brief in December, 1922."

In United States v. Felt & Tarrant Mfg. Co., 283 U. S. ——, 51 S. Ct. 376, 377, 75 L. Ed. ——, decided by the Supreme Court April 13, 1931, after referring to the necessity of filing a claim or demand as a prerequisite to a suit to recover taxes paid, the Supreme Court said: "One object of such requirements is to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue. * * *"

In the same case, after referring to Treasury Regulations 62, which provided that "all the facts relied upon in support of the claim should be clearly set forth under oath," the court went on to say: "The claim for refund, which section 1318 makes prerequisite to suit, obviously relates to the claim which may be asserted by the suit. Hence, quite apart from the provisions of the regulation, the statute is not satisfied by the filing of a paper which gives no notice of the amount or *nature* of the claim for which the suit is brought, and refers to no facts upon which it may be founded." (Italics ours.)

▮ It has been uniformly held by this court and the Supreme Court that the nature of the

claim upon which the taxpayer demanded a refund must be set out in order to make the claim sufficient under the statute. In Feather River Lumber Co. v. United States, 66 Ct. Cl. 54, 57, it is said, in substance, that it is a well-established rule that the taxpayer cannot maintain an action to recover a refund until he has filed an application to the Commissioner containing the grounds upon which he relies for such recovery.

We think it needs neither argument nor discussion to show that the part quoted from the claim which plaintiff filed and set out above would not give the appropriate officials any information whatever as to the nature of the demand or claim intended to be asserted. The grounds thereof are not even mentioned, and the claim "refers to no facts upon which it [the suit] may be founded." Plaintiff appears to rely especially upon the last sentence of the part of its claim quoted above. This states that the reasons for the claim are set out in the taxpayer's brief now on file in the Commissioner's office, but there is no allegation as to what the brief contained beyond this general statement, which is a mere conclusion and not a statement of fact. The claim is further based on "any and all other facts that may be developed," but general statements of this kind give no information to the government officials with reference to the nature of the claim.

It is quite clear that the claim for refund was insufficient. The demurrer must therefore be sustained and plaintiff's petition dismissed. It is so ordered.