NATIONAL FIRE INS. CO. v. UNITED STATES.

No. H–133.

Court of Claims.

Oct. 20, 1931.

LITTLETON, Judge.

The claim for refund of February 28, 1921, was filed in time, and on January 18, 1923, after the time allowed by law for the filing of a claim for refund and for the assessment of any tax for 1916 had expired, the commissioner upon consideration of this claim allowed it for $1,182.21 and rejected it for $15,057.94. No suit was instituted within two years after the rejection of this claim, and this suit, which was instituted December 18, 1928, is not based upon any of the grounds set forth in this claim.

■ The claim for refund filed March 31, 1925, was not supplementary to the first inasmuch as it was not filed until after the first claim had been decided and rejected in part, and for the further reason that the grounds thereof were different from the grounds stated in the first claim and were asserted for the first time nearly three years after the time for filing claim for refund for 1916 had expired. United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025; Sugar Land Railway Co. v. United States, 48 F.(2d) 973, decided by this court April 6, 1931; Wausau Sulphate Fibre Co. v. United States, 49 F.(2d) 665, decided by this court May 4, 1931; and Wright & Graham Co. v. United States, 50 F.(2d) 274, decided by this court May 11, 1931. The blanket claim contained in the claim of February 28, 1921, "for the correction of all errors in the computation of its taxable income where caused by the inclusion or exclusion of items which should not have been so included or excluded in the computation of its taxable income," is not sufficiently specific to warrant the institution of a suit or to authorize an amendment after the expiration of the statutory period for filing claims, and, particularly, after the commissioner has rejected the claim. United States v. Felt & Tarrant Mfg. Co., supra. The fact that the Commissioner of Internal Revenue in his decision upon the claim of February 28, 1921, computed the plaintiff's tax liability for 1916 on the accrual basis, instead of the cash receipts and disbursements basis, does not give the second claim for refund of March 31, 1925, any greater validity than it would have otherwise.

The action of the commissioner on May 5, 1926, in allowing and paying a further overpayment of $1,182.21, was required by the specific provision in section 281 (e) of the Revenue Act of 1924 (26 USCA § 1065 note), notwithstanding the expiration of the

Guy Patten, of Washington, D. C. (A. R. Serven, John W. Smith, and John G. Carter, all of Washington, D. C., on the brief), for plaintiff.

Lisle A. Smith and Edward H. Horton, both of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (C. M. Charest, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

period of limitation for filing a claim, and this action was taken solely because of the provisions of that section and not because the plaintiff had filed a timely claim.

The claim of March 31, 1925, was not timely filed, and the action of the commissioner in refusing to allow it, as disclosed by his last letter of November 1, 1926, did not give the plaintiff a right to institute suit upon the grounds set forth in such claim under section 3226 of the Revised Statutes as amended (26 USCA § 156).

The petition is dismissed. It is so ordered.