## JONES et al. v. UNITED STATES.
### No. 41890.

Court of Claims.
Dec. 4, 1933.

G. E. H. Goodner, of Washington, D. C. (Frank L. Warfield, of Washington, D. C., on the brief), for plaintiffs.

John A. Rees and W. W. Scott, both of Washington, D. C., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiffs are the surviving partners of Hallowell, Jones & Donald, a dissolved partnership. They seek in this suit to recover $75,772.89 excess profits tax paid by the partnership for the period from April 15, 1917, to December 31, 1917, together with interest thereon.

There is no controversy as to the facts; the parties having agreed upon them as they are set forth in the findings. The partnership excess profits tax liability for the period as disclosed by the tax return was $1,507,-628.38, of which amount $1,475,856.26 was paid on June 14, 1918, and the balance, $31,-772.12, was paid on October 16, 1923, the latter payment being delayed by the filing of a plea in abatement, which the Commissioner rejected. An additional tax of $1,107.86 was assessed in November, 1920, and paid on January 12, 1921, making the total assessment for the period involved and the total tax paid by the partnership $1,508,736.24.

On March 12, 1923, the plaintiffs filed with the Collector at Boston the letter set forth in finding 8. The letter was filed

within the period in which a claim for the refund of taxes for the year 1917 could be made under the provisions of section 252 of the Revenue Act of 1921 (42 Stat. 268), then in force. The partnership had then paid all the tax involved. The claim in abatement had been denied, no additional taxes were being proposed, and no matters of any kind in relation to the assessment of the partnership for the year 1917 was pending in the Bureau. The only possible purpose plaintiffs could have in writing the letter was to secure a redetermination of the partnership tax liability on the grounds specified therein, and to obtain a refund of any overpayment such redetermination might show. The letter first directed the attention of the Commissioner to the fact that the statute of limitations was about to run on the partnership excess profits tax return for the period from April 15, 1917, to December 31, 1917. This statement clearly has reference to the statute of limitation upon the filing of a claim for refund. The letter then proceeds to set forth in express and precise terms the contention that the invested capital had been erroneously computed, it being stated that by reason of prorating the capital, and because of the deduction of excess profits tax as applied to the predecessor partnership for the fiscal year ending April 15, 1917, the invested capital was erroneously reduced from $3,188,636.34 to $2,-128,946.75.

This specific statement of facts is then followed with the statement: "A consideration of the foregoing items is respectfully requested." The letter was clearly intended as a claim for refund, and, when fairly considered, can be construed as nothing else. The statement that the invested capital had been erroneously reduced by reason of the manner in which it had been determined was tantamount to a statement that the partnership had been overassessed, and, since all the tax claimed by the government had been paid, the request that the Commissioner give consideration to the matter was equivalent to the assertion of a claim for refund of the amount of the overassessment. The letter was not sworn to and was thus an inadequate compliance with the Treasury Department's requirement for claims for refund of taxes illegally or erroneously collected, but we think it clearly constituted an informal claim for refund. The Commissioner was put upon notice within the time when he had authority to make refund of taxes for the year 1917 that the plaintiffs claimed the partnership had been overassessed for the period involved.

He was specifically informed as to the manner in which the overassessment had been made, and was requested to give his consideration to the matter.

The Commissioner took no action on the informal claim and permitted it to remain in the files of the case undisposed of until after the plaintiffs, on March 22, 1927, filed a formal claim for refund on Treasury Department Form 843. The grounds set forth in this claim in support of its allowance are precisely the same as those stated in the informal claim, the erroneous reduction of invested capital arising from the method used by the Department in its computation.

The informal claim not having been rejected by the Commissioner of Internal Revenue prior to the filing of the formal claim of March 22, 1927, was amended and perfected by that claim, notwithstanding the fact the statute of limitations had run on the filing of refund claims for the year 1917. United States v. Memphis Cotton Oil Co., 288 U. S. 62, 53 S. Ct. 278, 282, 77 L. Ed. 619; United States v. Henry Prentiss & Co., 288 U. S. 73, 53 S. Ct. 283, 77 L. Ed. 626; United States v. Factors & Finance Co., 288 U. S. 89, 53 S. Ct. 287, 77 L. Ed. 633. The defects of the informal claim were cured by the amendment and the two claims became merged into a single and indivisible claim, "the new indissolubly welded into the structure of the old." United States v. Memphis Cotton Oil Co., supra. The Commissioner thus had before him for consideration a valid timely claim for the refund of any overpayment of taxes made by the partnership for the period involved. He considered the claim and determined, as shown in the certificate of overassessment of June 30, 1927, that there had been an overassessment of $107,545.01. In making this determination the Commissioner computed the invested capital in accordance with the contentions made by plaintiffs in the claim for refund, which is the correct method of determining invested capital. Richard A. Strong et al. v. United States, 62 Ct. Cl. 67; Sylvester Co. v. Nichols (D. C.) 3 F.(2d) 452; Louis Hymel Planting & Mfg. Co., 5 B. T. A. 910; H. R. Mallinson & Co., 14 B. T. A. 1124. The decision of the Commissioner was therefore correct as to the amount of the overassessment of $107,545.01, but inasmuch as plaintiffs had filed a timely informal claim for refund, which had been perfected by the claim of March 22, 1927, his conclusion that $75,772.89 of the overassessment was barred was erroneous. The plaintiffs are entitled to

recover that amount with interest if the suit has been timely instituted.

Following the disallowance of the claim, and within the two-year limitation period in which suit could be instituted, the plaintiffs, on April 30, 1929, filed on Treasury Department Form 843 a claim in which a reconsideration of the refund claim of March 22, 1927, was requested. The claim set forth that "it is requested that a reconsideration be given to claim for refund on March 22, 1927. * * * In this connection attention of the Department is called to the * * * letter written by taxpayer dated March 12, 1923, * * * setting forth points in protest with respect to invested capital. * * * It is respectfully requested that this claim be adjudicated in accordance with the findings as previously set forth in certificate of overassessment #999173, wherein under the provisions of T.D. 4266 taxpayer is entitled to a refund of $75,772.89, plus allowable interest." While the plaintiffs contended in a brief filed with the Commissioner in support of the claim that it operated, under Treasury Decision 4266, to perfect the informal claim of March 12, 1923, and have made the same contention in the brief and argument of the case, it is clear the claim has no legal significance other than as a request for the reconsideration of the claim of March 12, 1927. It did not operate to amend the informal claim as that claim had previously been disallowed by the Commissioner and was no longer pending. United States v. Memphis Cotton Oil Co., supra. The Commissioner regarded the claim as an application for reconsideration and acted upon it as such, as appears from his letter to plaintiffs on March 20, 1930: "Reference is made to a form 843 for $125,000.00 filed on April 30, 1929, which is in the nature of a request for the reopening of a 1917 claim for refund. * ~ * " There is nothing in the record aside from this letter to show what action the Commissioner took on the request for reconsideration. We think the statements and conclusions set forth in the letter establish beyond question that he reopened the case and reconsidered the refund claim of March 22, 1927, on the merits.

This conclusion in inescapable when examination is made of the basis upon which plaintiffs have sought recovery from the very beginning of the controversy. They asked in the letter of March 12, 1923, which we have held constituted an informal claim for refund, that they be given the benefit of their full invested capital for the year without a reduction or proration on account of the period of less than a year the partnership was in existence during the year 1917. This court having decided in the case of Richard A. Strong et al., supra, that the principle contended for by plaintiffs in the informal claim was correct, and the Commissioner having shortly thereafter amended his regulations accordingly (T.D. 3848, C.B.V.-1, p. 290), the plaintiffs, on March 22, 1927, filed a formal refund claim in which the same contentions in respect to their invested capital were again urged. The Commissioner acted upon this claim, recomputed the invested capital in accordance with the plaintiffs' contentions, and determined an overassessment of $107,545.01, of which amount $75,772.89 was held barred from refund by the statute of limitations. The claim of April 30, 1929, in which reconsideration was requested, reiterated plaintiffs' contentions in respect to invested capital as the basis of the request, and referred specifically to the letter of March 12, 1923, and the claim for refund filed March 22, 1927, wherein like contentions were made.. Plainly, therefore, the merits of the claim on which plaintiffs hoped to recover the overassessment for the year 1917 was the item of invested capital. Correction of the erroneous determination of invested capital when the tax was originally assessed, and a refund of the overpayment resulting therefrom was sought by plaintiffs from the beginning. The item of invested capital constituted the merits of the refund claim of March 22, 1927, which the Commissioner was requested to reopen and reconsider. The Commissioner could not have reached the conclusions arrived at and set forth in the letter of March 20, 1930, without reconsidering the refund claim of March 22, 1927, on its merits. In his former decision, as shown in the certificate of overassessment of June 30, 1927, he determined an overassessment of $107,545.01; in the letter he determines that there was no overassessment at all. In the former decision he used one method of determining the invested capital and fixes it at $3,005,571.89 with an allowable deduction of $276,501.47, in the letter he uses a different method of determining the invested capital and fixes it at $2,128,946.75 with a deduction of $197,605.21. In the former decision he computed the tax liability at $1,401,191.23, in the letter he determines the tax liability to be $1,508,386.24. Manifestly, we think, the consideration of a claim sufficient to arrive at a purported tax liability, and that on the basis of the one

issue which constituted the merits of a claim theretofore considered by him, at which time he had determined a different tax liability, is in every sense a reconsideration of the claim on the merits. That the tax liability was less than that previously determined is immaterial. Certainly, if the overassessment had been found greater than that theretofore found, and if there had been no legal barrier to the payment of a refund (such, for example, as the sufficiency of the claim); no one would question that the Commissioner could have refunded the amount of the overassessment within the period after action on the claim when plaintiffs could have filed suit. We do not regard the statement "Your claim for reopening is denied" as conclusive, since the facts set forth in the letter show the contrary. In fact, the reason assigned for denial of the request for reopening, "since the correct tax for the year is in excess of the net amount paid," conclusively shows that the Commissioner reconsidered the claim on the merits, and reversed his former decision that there had been an overassessment.

■ That a reconsideration of a refund claim on the merits constitutes a reopening of the claim is no longer open to doubt. Mobile Drug Co. v. United States (D. C.) 39 F.(2d) 940, and McKesson & Robbins, Inc., v. Edwards (C. C. A.) 57 F.(2d) 147. These cases announce the rule that when the Commissioner, upon application made by a taxpayer within the time in which suit could be instituted on a disallowed claim, enters into a reconsideration of the merits of the claim and later makes a decision thereon rejecting the claim, or adheres to his former decision rejecting it, his decision for the purpose of the statute of limitations is in abeyance until he has reached and announced his final decision, and the taxpayer, under section 3226 of the Revised Statutes, as amended (26 USCA § 156), has two years thereafter in which to institute suit. Whether there has been reconsideration on the merits is a conclusion to be drawn from the acts of the Commissioner in response to the application for reconsideration. There must be an actual reconsideration of the case, and the final decision must be upon the merits of the claim. Ford Motor Co. v. United States (Ct. Cl.) 3 F. Supp. 423, Hickman v. United States (D. C.) 47 F.(2d) 328. We think this case clearly illustrates what constitutes the reconsideration of a claim for refund. It meets in every respect the requirement that the claim must be reconsidered and decided upon its merits.

The letter of March 20, 1930, constituted the Commissioner's final decision on the refund claim of March 22, 1927, and his final disallowance of the same. Suit having been instituted within the two-year period thereafter has been timely brought. The plaintiffs are entitled to recover $75,772.89, with interest, and judgment will be entered accordingly. It is so ordered.