## J. E. ERVINE & CO. v. UNITED STATES.
### No. K–255.

Court of Claims.
June 3, 1935.

See, also, 3 F. Supp. 334.

W. W. Ross, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (Fred K. Dyar, of Washington, D. C., on the brief), for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff in this case seeks to recover $6,471.22 excess profits taxes, including penalty and interest, assessed against it for the year 1917. The basis of the claim is that the Commissioner of Internal Revenue in computing the plaintiff's invested capital erroneously excluded therefrom the cost to the partnership of the $\frac{11}{16}$ undivided interest in certain real estate which had prior to that year been purchased by the plaintiff and paid for out of accumulated surplus profits of the partnership.

The case was tried by the court on May 8, 1933, on which date special findings of fact were made, and conclusion of law and judgment in favor of the plaintiff for the amount claimed was entered. J. E. Ervine & Co. v. United States (Ct. Cl.) 3 F. Supp. 334. On December 4, 1933, the court, upon the motion of the defendant, set aside the judgment and remanded the case for the introduction of additional evidence directed to the establishment of the true facts as to the date of final disallowance of the refund claim filed on May 31, 1923. In the court's opinion of May 8, 1933, it was held that the Commissioner finally rejected the claim for refund on June 2, 1927, and that the petition having been filed on May 29, 1929, plaintiff's action was timely brought. This holding was based upon the showing that subsequent to the disallowance of the refund claim and within the period in which the plaintiff could have brought suit upon the same, the Commissioner, in response to the plaintiff's application, reopened the case and reconsidered the claim for refund upon its merits and gave his final decision thereon on June 2, 1927.

Additional evidence adduced upon the rehearing establishes the fact (finding 9) that the Commissioner, upon application of the plaintiff made on April 22, 1924, reopened the case and reconsidered the refund claim upon the merits, and after such reconsideration notified plaintiff, on October 13, 1924, that his former decision rejecting the claim was adhered to. This fact is not important and has no material bearing on the question in view of the fact that the Commissioner subsequent to this action again reopened the case and reconsidered the refund claim upon the merits within the time in which he had lawful authority to do so. Pierce-Arrow Motor Car Co. v. United States, 9 F. Supp. 577, 80 Ct. Cl. ——.

Since the additional evidence in no essential way changes the facts upon which the original opinion of the court was based, it affords no grounds for changing the decision that the final action of the Commissioner in rejecting the claim for refund was on June 2, 1927. Moreover, the views expressed at that time have since been reannounced by this court in Jones et al. v. United States, 5 F. Supp. 146, 78 Ct. Cl. 549; American Safety Razor Corporation v. United States, 6 F. Supp. 293, 79 Ct. Cl. 141, in both of which cases certiorari has been denied, 293 U. S. 566, 55 S. Ct. 76, 79 L. Ed. ——; 293 U. S. 599, 55 S. Ct. 116, 79 L. Ed. ——.

The merits of the claim for refund, the right of plaintiff to have included in invested capital the actual cost to the partnership of the eleven-sixteenths undivided interest of the real estate in question, are fully discussed in the original opinion, to which reference is here made. It is sufficient, we think, to say that after careful

consideration of the defendant's brief and the oral argument of counsel, we adhere to the conclusions there reached. The plaintiff is therefore entitled to recover and will be awarded judgment in the sum of $6,026.99, together with interest thereon as provided by law.

It is so ordered.