**TRUE BROS., Inc., v. UNITED STATES.**
Civ. A. No. 8747.

United States District Court
D. Massachusetts.

Sept. 25, 1950.

Hale, Sanderson, Byrnes & Morton and Bennett Sanderson, all of Boston, Mass., for plaintiff.

George F. Garrity, U.S.Atty., W. Arthur Garrity, Jr., and Philip T. Jones, Asst.U. S.Atty., all of Boston, Mass., for defendant.

FORD, District Judge.

This is an action by True Bros., Inc., a Massachusetts corporation, to recover an alleged overpayment of. the company's excess profits tax for its financial year ending January 31, 1944. The facts have been stipulated, and the question to be decided is whether or not plaintiff has sufficiently complied with the provisions of section 322 (b) (1) of the Internal Revenue Code, 26 U.S.C.A. § 322(b) (1),[1] providing that a refund of an overpayment shall not be made unless a claim therefor is filed within the applicable period of limitations.

Plaintiff properly filed its excess profits tax return for the year in question on April 15, 1944, and the tax due as shown by the return was paid in full by January 25, 1945. The return thus filed, as well as the company's returns for previous tax years, showed its paid in capital as $100,-000. In fact the figure which should have been shown, and which has now been determined by the Commissioner of Internal Revenue to be correct, was $133,158.54.

On October 17, 1946 the plaintiff filed with the Collector of Internal Revenue at Boston a formal claim, on the form prescribed by Treasury Regulations,[2] for a

---

1. 26 U.S.C.A. "§ 322. Refunds and credits.

\* \* \* \* \* \*

"(b) Limitation on allowance

"(1) Period of limitation. Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later."

2. Treasury Regulations III, promulgated under the Internal Revenue Code:

refund of one dollar "or such other amount as is proper" of its excess profits tax paid for the year ending January 31, 1944. The ground on which the refund was claimed was stated to be, "True Bros., Inc., was incorporated June 3, 1929 with a paid in capital of approximately $134,000. On April 14, 1933 the stockholders donated one-half of their holdings to surplus. In preparing Form 1121, money paid in for stock was incorrectly shown as $100,000."

Thereafter a revenue agent examined the books of the plaintiff and filed a report of his investigation, dated November 8, 1946 and submitted to the plaintiff on June 20, 1947. In this report the agent allowed the increase in the amount of paid in capital from $100,000 to $133,158.54. This had the effect of increasing the plaintiff's excess profits credit for 1944, and thus reduced the amount of tax due. The agent also allowed a carry-over to the 1944 tax of an unused excess profits credit from plaintiff's tax year ending January 31, 1942, which arose as a result of the recomputation of the excess profits credit for 1942 using the corrected figures for paid in capital. This report showed an overassessment of $4,848.56 on plaintiff's excess profits tax for 1944, as well as overassessments for the years 1943 and 1945. These overassessments resulted in corresponding deficiencies in plaintiff's income tax for those years. As to these deficiencies plaintiff executed and filed on November 5, 1946 a Waiver of Restrictions on Assessment and Collection, Form 874, in accordance with the provisions of 26 U.S.C.A. § 272(d). This form, which had been prepared and submitted to plaintiff by the revenue agent in charge, contained also an acceptance of the overassessment as found by the agent, including the 1944 overassessment of $4,848.56.

On January 27, 1947 the agent in charge sent to plaintiff a letter suggesting that since the figures on Form 874 as executed by plaintiff were tentative and might not be finally determined until after the three year period provided in 26 U.S.C.A. § 322(b) (1), plaintiff to protect its rights should file a formal claim for the overassessments. A copy of Form 843 was enclosed to be filled out by the plaintiff.

No formal claim was filed by plaintiff until October 18, 1947 when plaintiff submitted on Form 843 a claim for refund of excess profits taxes for the year ending January 31, 1944 in the amount of $5,442.99. In the statement of grounds for refund this claim incorporated computations showing all the allowances made by the investigating agent. This claim was admittedly filed after the three year period of limitations had expired, but recited that it was made as an amendment to an informal claim filed on Form 874 on November 5, 1946.

On November 12, 1947 the Commissioner sent to plaintiff a supplemental report in which the carry-over of unused excess profits credit from 1942 to 1944, previously allowed by the agent, was disallowed on the ground that such carry-over had not been claimed by plaintiff either in its original return or in its claim for refund filed on October 17, 1946. On March 31, 1949 the Commissioner sent to plaintiff a certificate of overassessment for the year ending January 31, 1944 in the amount of $1,824.98. On April 14, 1949 both formal claims submitted by plaintiff were disallowed to the extent not previously allowed. The overassessment of $1,824.98 has been repaid to the plaintiff.

"Sec. 29.322-3. Claims for Refund by Taxpayers.—Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843, and should be filed with the collector of internal revenue. A separate claim on such form shall be made for each taxable year or period.

"The claim must set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof. No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed prior to the expiration of such period. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund. * * *"

This action is concerned solely with plaintiff's contention that a further refund is due based on the carry-over to 1944 of the unused 1942 credit arising from application of the corrected figure for paid in capital to the computation of the 1942 credit. Defendant's refusal to pay this refund appears to be based solely on its contention that plaintiff failed to make timely application for this refund. Plaintiff argues (1) that the claim filed on October 7, 1946 was a sufficient and timely claim for the whole amount by which the 1944 tax was overpaid and (2) that even if this is not so, that either the 1946 claim or the 1947 waiver was an informal claim that could be perfected by the claim filed on October 18, 1947.

Plaintiff's 1946 claim was sufficient to cover not only the refund which it has already received, but the further refund which it now seeks to recover. The applicable Treasury Regulations 111, § 29.322-3 requires that " * * * The claim must set forth in detail and under oath each ground upon which a refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." The sufficiency of the claim must be judged in the light of the purpose for which it is required, that is, to give the agents of the government notice of existence of the demand, and such information as to its nature and grounds as will enable them properly to investigate it and pass upon it. Plaintiff's 1946 claim clearly sets out the facts as to its capital structure which form the grounds of its claim. Its defect, if any, is that it does not point out in detail all the ways in which the establishment of the truth of the facts set forth would affect the computation of its 1944 tax. It does not limit itself to a request for recomputation of the 1944 excess profits tax credit. It does not expressly ask for this at all, but the Commissioner, far from objecting to this, has made that computation and paid a refund based on it. No objection was made to the sufficiency of the facts stated as a basis for investigation. Indeed, on the basis of these facts, a revenue agent investigated them and found them to be correct. Yet those facts are the same both for determining the refund allowed and the one which was rejected. The original report of the investigating agent allowed the full amount of the refund which plaintiff now contends was covered by its original claim. To hold, in the light of these circumstances, that a claim which clearly sets forth the relevant facts is insufficient insofar as it fails to point out expressly all the computations by which those facts, once established, will reduce the claimant's tax liability would go far beyond the purpose of the statute and regulations, and convert them into "traps for the unwary" taxpayer which they were never meant to be. Tucker v. Alexander, 275 U.S. 228, 231, 48 S.Ct. 45, 72 L.Ed. 253.

But even if the 1946 claim were insufficient, the effect of the 1947 claim as an amendment must be considered. The 1947 claim, ineffective in itself because filed too late, specifically sets forth the carry-over of 1942 credit on which depends the refund now sought by the taxpayer. In general, a timely but informal or defective claim can be amended by a subsequent claim in proper form which cures the original defect, provided that the effect of the amendment is to make more specific the grounds for refund in the original claim, rather than to set up a different and unrelated basis for relief. Bemis Bro. Bag Co. v. United States, 289 U.S. 28, 53 S.Ct. 454, 77 L.Ed. 1011; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619. A test which has been applied to determine whether such an amendment is proper is whether the facts upon which the amended claim is based are such as would necessarily have been disclosed by the investigation of the original claim, so that no additional investigation of the facts is necessary in order to pass upon the merits of the amended claim. Pink v. United States, 2 Cir., 105 F.2d 183. This is precisely the situation in the present case. The facts as to the amount of the company's paid in capital which were investigated under the 1946 claim and on which the Commissioner has allowed a refund, are the same as those on which the 1947 claim rests. The 1947 claim merely asks the benefit of a further computation

and application to its 1944 tax of the 1942 excess profits credit carry-over on the basis of those same facts. If the 1946 claim were not sufficient to require the Commissioner to make this allowance, then certainly it has been properly amended so that he should now do so. The claims are the same in substance. Bemis Bro. Bag Co. v. United States, supra, 289 U.S. at page 33, 53 S.Ct. 454.

However, plaintiff's further contention that the waiver it executed in 1946 was also an informal claim which has now been properly amended by the 1947 formal claim cannot be accepted. It is true that when a taxpayer accepts, as plaintiff did in signing this waiver, the tentative government figures showing that there has been an overassessment, it is to be expected that the taxpayer will seek a refund of the overpayment. But the waiver here itself contains no language making such a claim. The purpose of including therein an acceptance of the figures showing the amount of overassessment is that these figures are the basis for computing the corresponding income tax deficiency. The footnote printed on Form 847, pointing out that filing of the waiver does not extend the statutory period of limitation for refund, indicates that the claim for refund is to be made in a separate document. Plaintiff has cited cases in which similar waivers appear to have been treated as informal claims, amendable after the expiration of the period of limitations. Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018; Neilson v. Harrison, 7 Cir., 131 F.2d 205. These cases, however, seem to rest on the fact that the waiver was executed on a condition which was construed by the court as an informal claim and regarded as such by the Commissioner, as in the Neilson case, or on the fact that, as in Bonwit Teller, there was accompanying correspondence which gave it the aspect of a claim. They do not hold that the waiver, unconditionally executed, is in itself a claim.

Judgment for the plaintiff in the sum of $3,313.38 with interest and costs allowable by law.