**CUMBERLAND PORTLAND CEMENT CO. et al. v. UNITED STATES.**

No. 48905.

United States Court of Claims.

June 3, 1952.

Prescott, and H. S. Fessenden, Washington, D. C., on the briefs), for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

This action is brought to recover an overpayment in income tax, excess profits tax, and declared value excess profits tax for 1943 in the amount of $22,514.14. The question presented is whether recovery of this overassessment and overpayment is barred by the failure of the taxpayer to file a formal claim for refund within three years from the time the tax return was filed or within two years from the time the tax was paid, under 26 U.S.C. § 322(b) (1), or whether the taxpayer filed a sufficient informal claim for refund within the statutory period.

The plaintiffs are the Cumberland Portland Cement Co., hereinafter referred to as the taxpayer, and its successor corporation, Cumberland Portland Cement Company, which came into existence in December 1946, by virtue of a merger of the Cumberland Portland Cement Co. and the Tennessee Portland Cement Corporation. On January 24, 1947, the Acting Internal Revenue Agent in Charge at Nashville, Tennessee, sent the taxpayer a statutory 90-day notice containing a statement of deficiencies in tax for the years 1941 and 1942, totalling $25,629.08, and of overassessments in tax for the years 1941 to 1944, inclusive, totalling $40,057.25 (Finding 3). This letter informed the taxpayer of its right to file a petition in the Tax Court of the United States within 90 days for a redetermination of the deficiencies, and requested that if the taxpayer did not desire to file such a petition, it execute the enclosed Form 874 entitled *"Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment."* [1] The letter also contained the fol-

Cecil Sims, Nashville, Tenn., (Bass, Berry & Sims, Nashville, Tenn., were on the briefs), for plaintiff.

J. A. Rees, Washington, D. C., with whom were Theron Lamar Caudle, Asst. Atty. Gen., and Ellis N. Slack, Acting Asst. Atty. Gen. (Andrew D. Sharpe, A. F.

1. The following notation appeared on the face of the Form 874:

Note.—The execution and filing of this waiver at the address shown in the accompanying letter will expedite the adjustment of your tax liability as indicated above. It is not, however, a final closing agreement under section 3760 of the Internal Revenue Code, and does not, therefore, preclude the assertion of a further deficiency in the manner provided by law should it subsequently be

lowing statement regarding the repayment of the overassessments:

"The overassessments for the taxable years 1943 and 1944 will be made the subject of certificates of overassessment which will reach you in due course through the office of the collector of internal revenue and will be applied by that official in accordance with Section 322 of the Internal Revenue Code, provided that you fully protect yourself against the running of the statute of limitations by filing with the Collector of Internal Revenue, Nashville, Tennessee, claims for refund on Form 843, copies of which are enclosed, the basis of each of which may be as set forth herein. A separate claim should be filed for each taxable year."

On March 13, 1947, the taxpayer executed the Waiver (Form 874) and returned it to the Revenue Agent in Charge at Nashville, Tennessee, with the following letter of transmittal:

"This acknowledges receipt of your letter, dated January 24, 1947, with which you enclosed statements and reports covering the determination of our income tax liability for the years 1941–42–43–44.

"We have signed and herewith return Form 874, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment.

"In view of the fact that the stock of Cumberland Portland Cement Company was acquired by Marquette Cement Manufacturing Company, Chicago, Illinois, in January, 1947, it is very desirable that a prompt settlement be made in this matter of over-assessment, and it is further desirable that the examination of the income tax return of this corporation for the year 1945 be reported and agreed upon promptly.

determined that additional tax is due, nor does it extend the statutory period

"We are herewith enclosing an unsigned copy of Form 1120 return of this Company for the year 1946, as filed, with the hope that same may be forwarded to your Examiner, Mr. Eastland, Chattanooga, Tennessee, for prompt examination. From this letter, you will realize that it is desirable that prompt action be taken in the final determination of the tax adjustments for years prior to 1946 and that an early examination of the 1946 return be made.

"We appreciate the cooperation which your Department has given us in the past and we assure you that we will be glad to work with you for an early and final determination of all tax liability of the old Cumberland Portland Cement Company through December 31, 1946."

The Commissioner of Internal Revenue thereafter made assessments against the taxpayer for the deficiencies in income tax for the years 1941 and 1942, with interest thereon, and applied as a credit against these amounts the determined overassessments for 1941, 1942, and 1944, leaving a net deficiency of $22,337.62. This sum was paid by the taxpayer during July 1947, pursuant to a notice and demand for payment from the Collector of Internal Revenue. Following the payment of this net deficiency, the counsel for the taxpayer on July 26, 1947, wrote to the Commissioner requesting information as to why it had not received credit on the deficiencies in the sum of $22,514.14, representing the overassessments for 1943. The Commissioner replied on September 9, 1947, and stated that the taxpayer had been put on notice by the 90-day letter of January 24, 1947, to protect its rights against the running of the Statute of Limitations by filing claims for refund for 1943, that the Form 874 could not be construed as a claim for refund, and that since it had failed to file a claim for refund in compliance with Section 322 of the Internal Revenue Code, there was no

of limitation for refund, assessment, or collection of the tax.

basis upon which to predicate the allowance of the proposed overassessments.

On November 7, 1947, the taxpayer and its successor corporation attempted to perfect their claim by filing formal claims for refund on Form 843 for 1943 in the amount of $22,514.14, consisting of an overassessment in income tax of $14,882.28, an overassessment in declared value excess profits tax of $5,584.84, and an overassessment in excess profits tax of $2,047.02. These claims were disallowed in full on June 29, 1948, by the Commissioner on the ground that they had not been filed within the period of time provided by Section 322 (b) of the Internal Revenue Code.

It is plaintiff's position that the execution and filing of the Waiver on March 13, 1947, accompanied by the letter quoted in Finding 6, which was within the statutory period of limitations, constituted the filing of an informal claim for refund which was perfected after the running of the statutory period by the filing on November 7, 1947, of formal claims for refund on Form 843 on behalf of both plaintiffs. Plaintiffs insist that the Waiver (Form 874) and letter sufficed to put the Government on notice that the taxpayer claimed and expected refund of the overassessment for 1943.

Defendant contends that the Waiver cannot be construed to be an informal claim for refund and consequently, that no claim for refund, formal or informal, was filed within the period prescribed by Section 322 (b) (1) of the Internal Revenue Code, i. e., by March 15, 1947.

■ We fully agree with defendant's argument that Form 874, standing alone, cannot be regarded as constituting an informal claim for refund. The Form itself precludes any inference to this effect as it bore upon its face a statement, set forth in Footnote 1, that execution of the Waiver did not extend the statutory period of limitation for refunds. True Bros. Inc., v. United States, D.C., 93 F.Supp. 107, 111. Even assuming that the Waiver was sufficient to constitute an informal claim for refund, it was rejected as such by the Commissioner prior to the filing of the formal claim for refund, and consequently it could not thereafter be perfected as the Statute of Limitations had run. Newport Industries, Inc., v. United States, 60 F. Supp. 229, 104 Ct.Cl. 38, 44; Cuban-American Sugar Co., Inc., v. United States, 27 F.Supp 307, 89 Ct.Cl. 215, 224; Sugar Land Railway Co. v. United States, 48 F.2d 973, 71 Ct.Cl. 628, 635; cf. United States v. Memphis Cotton Oil Co., 288 U.S. 62, 71, 53 S.Ct. 278, 77 L.Ed. 619.

■■ However, we are of the opinion that the March 13, 1947, letter of transmittal accompanying the executed Waiver was, when viewed in the surrounding circumstances, a sufficient informal claim for refund filed within the prescribed statutory period for presenting such claims. Section 322(b) (1) of the Internal Revenue Code provides as follows:

"Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. * * *".

The purpose of the claim for refund required by Section 322 is to put the Commissioner on notice that the taxpayer believes his taxes have been erroneously assessed, and that he asked for the return or credit of the amount of overassessment. Newport Industries, Inv., v. United States, supra; Wrightsman Petroleum Co. v. United States, 35 F.Supp. 86, 92 Ct.Cl. 217, 236. In determining whether a claim for refund is sufficient to satisfy these requirements, it must be "judged by the substance as related to the facts rather than the form in which it is stated." Higginson v. United States, 81 F.Supp. 254, 268, 113 Ct.Cl. 131, 158.

In applying these guiding principles to the instant case, it becomes necessary to read the taxpayer's letter of March 13, 1947, in the light of the particular circumstances which had transpired previously, which were then well known to the Com-

missioner, or his authorized agent who had issued the 90-day notice, and which were referred to in the letter. The taxpayer in this letter first acknowledged receipt of the 90-day letter written on January 24, 1947, and then stated that the signed Waiver was being returned therewith. The taxpayer then proceeded to say that "\* \* \* it is very desirable that a prompt settlement be made in this matter of overassessment \* \* \*." This, we believe, was ample present notice to the Commissioner that the taxpayer was requesting a credit against the shown deficiencies of the amount of the overassessment. This situation is not like one where a taxpayer writes to the Commissioner notifying him for the first time of the existence of an overpayment. In such a situation the substance and basis of the claim must be clearly defined. Cf. United States v. Felt & Tarrant Co., 283 U. S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; Wright & Graham Co. v. United States, 50 F.2d 274, 72 Ct.Cl. 315. Here, however, the Commissioner had notified the taxpayer of the existence of the overassessment and was thus well aware, and so were the plaintiffs, of the basis underlying it. Consequently, there was no need for the taxpayer to make any detailed or formal reference in its letter to the grounds for the refund claim. The intention of plaintiff to ask for a credit of the overassessments is, it seems to us, clear.

Furthermore, the taxpayer's execution and return of the Waiver, and the Bureau's acceptance of it, clearly show that both sides in this instance treated the statement of the deficiencies and overassessments set forth both in the 90-day notice of January 24, 1947, and in the Waiver, as constituting a final determination of these sums, although under the provisions of Section 272(f) of the Internal Revenue Code, 26 U.S.C. § 272(f),[2] the Commissioner could have thereafter assessed further deficiencies. Cf. Gilbert B. Goff, 18 B.T.A. 283, 288. The taxpayer, in waiving his right to appeal to the Tax Court and in executing Form 874 which contained as a part of its title the statement *"Acceptance of Overassessment"* was entitled, we believe, to regard the figures as being final for the purposes of his refund, and was justified in thereafter asserting his right to the refund or credit in an informal manner. Viewing the substance of this situation, and the surrounding facts, we believe the conclusion is inescapable that the taxpayer in its letter of transmittal made a demand for the return of or credit for the overassessment for 1943, based upon the determination of overassessments as set forth in the 90-day notice, and upon its acceptance thereof, which demand was sufficient to put the Commissioner on notice of its claim. Thus we conclude that the taxpayer had on file an informal claim for refund or credit prior to the running of the Statute of Limitations for the taxable year 1943 on March 15, 1947.

Authority for treating the taxpayer's letter of transmittal as an informal refund claim is found in Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018, reversing, 39 F.2d 730, 69 Ct.Cl. 638, where the Supreme Court concluded that the taxpayer's waiver and the letter transmitting it, together with what went before, amounted to the filing of a claim within the meaning of the statute. The main distinction between the cases lies in the fact that in the Bonwit Teller case the Commissioner himself treated the taxpayer's letter as an informal claim. In emphasizing this fact, the Supreme Court pointed out that the question was to be distinguished from one where the Commissioner had ruled that what was done did not constitute the filing of a claim. However,.

---

2. Section 272(f) provides in pertinent part, as follows:

"If the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, and the taxpayer files a petition with the Tax Court within the time prescribed in such subsection, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subsection (e) of this section, relating to assertion of greater deficiencies before the Tax Court, or in section 273(c), relating to the making of jeopardy assessments. \* \* \*"

in the instant case it is important to note that the Commissioner made no ruling as to the sufficiency of the letter of transmittal as an informal claim for refund.

■ In view of the fact that the Commissioner did not reject the informal claim for refund contained in the letter of March 13, 1947, the taxpayer could perfect the informal claim by the filing of a formal claim for refund. The Supreme Court and this court have held on numerous occasions that a claim for refund may be perfected prior to its final rejection by the Commissioner irrespective of the running of a limitation in the interval. United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132; United States v. Factors & Finance Co., 288 U.S. 89, 53 S.Ct. 287, 77 L.Ed. 633; United States v. Memphis Cotton Oil Co., supra; Jones v. United States, 5 F.Supp. 146, 78 Ct.Cl. 549, certiorari denied, 293 U.S. 566, 55 S.Ct. 76, 79 L.Ed. 665. In the Jones case we held, 5 F.Supp. at page 150, 78 Ct.Cl. at page 557, as follows:

> "The informal claim not having been rejected by the Commissioner of Internal Revenue prior to the filing of the formal claim of March 22, 1927, was amended and perfected by that claim, notwithstanding the fact the statute of limitations had run on the filing of refund claims for the year 1917. [Cases cited.] The defects of the informal claim were cured by the amendment and the two claims became merged into a single and indivisible claim, 'the new indissolubly welded into the structure of the old.' United States v. Memphis Cotton Oil Co., supra."

As this holding is equally pertinent to and controlling of the instant case, we conclude that the taxpayer properly perfected its informal claim for refund despite the running of limitations when, on November 7, 1947, it filed the formal refund claim on Form 843.

Plaintiffs have presented a number of other contentions which we need not consider in view of our conclusions set forth above. Plaintiffs are entitled to recover $22,514.14, with interest thereon according to law, except for the period from November 23, 1951, to February 4, 1952, inclusive, during which plaintiffs waived interest.

It is so ordered.

MADDEN and LITTLETON, Judges, concur.

JONES, Chief Judge and WHITAKER, Judge (concurring).

An equitable conclusion has been reached. If this is not the law, it ought to be.