**Hattie NEAL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 75–1112.**

United States District Court, D. New Jersey.

Oct. 29, 1975.

Miller, Hochman, Meyerson & Miller, Jersey City, N. J., for plaintiff.

Richard T. Philips, Asst. U. S. Atty., for defendant.

MEMORANDUM AND ORDER

BIUNNO, District Judge.

Neal has sued for refund of income taxes improperly and wrongfully collected and retained. Defendant has moved to dismiss for lack of jurisdiction, based on 26 U.S.C. § 7422, asserting that the administrative claim for refund lacks a sufficient showing of the basis, as required by Treas.Reg. 301.6402–2(b)(1).

The circumstances shown are these: during 1973, income tax was withheld and paid to IRS on Neal's wages. The final 1973 return, filed in 1974, showed a tax which was $910. less thàn the amount withheld, and this excess was asked to be refunded. It was not refunded.

Instead, Neal received an IRS form on June 19, 1974 reporting that the claimed refund was applied to adjust taxpayer's account for the year ended December 31, 1971. No information was given to explain how and why this entry was made.

Neal asked three times for a hearing or explanation. In each case, the response given (a computer printout) was that the overpayment of 1973 tax withheld had been applied to an alleged 1971 balance, without saying how that balance arose.

The point made by the motion is accordingly not well taken. It is clear that the details surrounding the assertion of a 1971 balance due are in the sole possession of the IRS computer at Holtsville, N.Y., and that taxpayer's repeated efforts to obtain the details have disgorged no more than a repeated printout. The government cannot ask the taxpayer to provide details which only the government possesses and which its computer will not disclose.

Because it is generally known in this district, Fed.Ev.Rule 201(b), the court will judicially notice the fact that in 1974, many taxpayers entitled to refunds on 1973 taxes withheld or paid as estimated tax, were notified that the refund had been credited to taxes due for

1971, when in fact there were no taxes due for that year. This phenomenon, when it occurred, was widely reported and discussed at professional meetings in this district, of persons whose work is concerned with the operation of the income tax laws.

It is not suggested that all 1973 refunds were so treated; but there was a sufficient number of them to suggest that what was at work was the GIGO Rule of Computers (Garbage In, Garbage Out). The explanation for the phenomenon was never learned. Discovery in this case may provide it.

If the defendant in this case were not the United States but a creditor dealing with consumer credit (i. e., a retail merchant or a credit card company), it would be obliged to provide the details of a claimed billing error and to correct the error, within strict time limits. See 15 U.S.C. § 1666.

While the time limits do not apply, the United States should be held to the same obligation to provide details as private businesses are, and should not be allowed to resist the claim on the ground that the taxpayer has failed to provide details he does not have and cannot obtain.

The computer is a marvelous device that can perform countless tasks at high speed and low cost, but it must be used with care. This is because it can also make errors at high speed. Those who use computers for record and accounting purposes, including the government, are accordingly obliged to operate them with suitable controls to safeguard the reliability and accuracy of the information. See N.J.Ev.Rule 1 (13), "Writing", replacing N.J.S.A. 2A:84A–14.

The motion to dismiss is accordingly denied. The alternative motion to extend the time for discovery is granted. Defendant is directed to gather at least the following information and to serve it on or before December 31, 1975:

1. The individual entries, with dates and amounts, of payments received by IRS for credit to taxpayer's account for the calendar years 1971, 1972 and 1973, by way of withholding tax or estimated tax;

2. The amount of the federal income tax assessed for the calendar years 1971, 1972 and 1973, based on the final returns;

3. The dates and amounts of any refunds claimed by taxpayer on the final returns for 1971, 1972 and 1973, and the means by which the same were refunded or credited.

So ordered.