**Frank M. CROCKER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 81 Civ. 3850 (LBS).**

United States District Court, S.D. New York.

April 29, 1983.

Law Offices of Michael B. Pollack, New York City, for plaintiff; Elliott H. Pollack, New York City, of counsel.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for defendant; Thomas E. Moseley, Asst. U.S. Atty., New York City, of counsel.

## OPINION

SAND, District Judge.

Frank M. Crocker seeks a refund of federal income taxes, penalties and interest paid in 1980 for the tax years 1974 and 1975. Jurisdiction over the Internal Revenue Service ("IRS") is conferred by 28 U.S.C. § 1346(a)(1). The government has moved for dismissal of the complaint for lack of subject matter jurisdiction. Fed.R. Civ.P. 12(b)(1).

## FACTS

In 1975 and 1976, Crocker produced and submitted to a grand jury all of his financial records for the tax years 1974 and 1975 in compliance with subpoenas issued by the United States District Court, District of New Jersey. These records were not returned to Crocker until April 6, 1979. Plaintiff claims that in the interim, he was without access to his business records, and thus was unable to file returns for the two years in question. Therefore, plaintiff in-structed the Internal Revenue Service ("IRS") in 1977 to prepare and file his returns for 1974 and 1975 based on the financial records in its possession.[1] In August, 1977, the plaintiff received a notice of deficiency in tax and interest in the amount of $171,496 and additional penalties for fraudulent record keeping in the amount of $85,733 for the two years in question. The deficiency notice advised Crocker of the amount of income he had received from wages, interest and business as well as his tax and penalty liabilities as determined by the IRS. In addition, the amount of deduction allowed for business expenses was indicated. The notice did not disclose either the method by which the tax was computed, nor the factual basis for the income and expense computations. Crocker failed to file a petition to contest the deficiency assessment within the ninety day statutory period of limitations, and collection proceedings were instituted.

Between 1977 and 1980, Crocker made numerous requests that the IRS agent who had prepared the deficiency notice disclose the factual and legal bases of the IRS determinations. Plaintiff received no response to these requests. Crocker's financial records were returned to him in 1979, and he claims to have filed returns for 1974 and 1975 in December, 1979. In calculating the tax liability on his returns, plaintiff utilized the maximum tax on personal service income ("Maxi-tax"). The resulting liability was considerably lower than that computed in the deficiency notice. Nevertheless, Crocker paid the assessed deficiency in September 1980 to prevent foreclosure on his house.

On November 14, 1980, plaintiff filed his original claims for refund of overpayment of taxes for 1974 and 1975. He based his claims on the ground that the IRS agent who had prepared the deficiency assessment had "had no help in classifying [plaintiff's] expenses, and ... lacked a complete understanding of [plaintiff's] finances," and that as a result, plaintiff's tax liability was in-

---

1. Plaintiff made this request pursuant to 26 U.S.C. § 6020. He claims that the government never actually filed the returns, but merely prepared the deficiency notice.

correctly calculated. The refund claims also detailed the conclusions of the IRS agent with respect to income and tax liability and those that plaintiff claimed to be correct. Plaintiff subsequently filed a complaint in this Court, predicating jurisdiction upon the failure of the IRS to respond within six months of the date of filing. 26 U.S.C. § 6532(a)(1).

On January 5, 1983, after the statute of limitations had expired on plaintiff's claims for refund, the defendant submitted this motion to dismiss the complaint for lack of subject matter jurisdiction. The government contends that plaintiff's claims for refund submitted to the IRS stated no factual or legal justification for the amounts claimed and that as such, they were insufficient to enable the IRS to review the matter. As a result, the government claims, this Court has no jurisdiction over Crocker's case. 26 U.S.C. § 7422 (suit may not be maintained for recovery of tax unless a claim for refund has been filed with the IRS). *See Stoller v. United States,* 444 F.2d 1391 (5th Cir.1971).

On January 24, 1983, Crocker filed an amended claim for refund with the IRS in which he explicitly detailed the basis of his calculations of income and expenses and disputed the IRS agent's failure to apply the Maxi-tax method of calculation. The government contends that plaintiff's amended claim for refund is time barred because he filed it after the termination of the period of limitations. It is further argued that the original claim filed by plaintiff was a "nullity" and therefore did not toll the statute of limitations.

In his defense, plaintiff claims that the IRS has waived any objection to the informality of his original claim by admitting in its answer to the complaint that plaintiff had filed a claim for refund. As a result, plaintiff argues, he has exhausted administrative remedies and the Court should decide the merits on his original claim. In the alternative, plaintiff contends that the government was given notice by his original claim sufficient to toll the statute of limitations and that his January 1983 amended

claim for refund perfected the claim with respect to formalities required by the regulations.

## DISCUSSION

■ No suit may be maintained in court for recovery of taxes "until a claim for refund or credit has been duly filed with the [IRS], according to the provisions of law in that regard, and the regulations of the [IRS] established in pursuance thereof." 26 U.S.C. § 7422(a). Regulations require that a claim for refund "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402–2(b) (1982). The Court of Appeals for the Second Circuit has held that the taxpayer must "reasonably and substantially" comply with the statute. *Scovill Manufacturing Co. v. Fitzpatrick,* 215 F.2d 567, 570 (2d Cir.1954). Furthermore, plaintiff may not raise before the court any claim not previously addressed in a claim for refund filed with the IRS. *United States v. Felt & Tarrant Mfg. Co.,* 283 U.S. 269, 272, 51 S.Ct. 376, 377, 75 L.Ed. 1025 (1931) (where claim filed with IRS on one ground plaintiff was barred from raising an entirely separate claim in court proceedings); *Stoller, supra,* 444 F.2d at 1393 (plaintiff's claim for refund stated no factual or legal ground for relief); *Krasnow v. United States of America,* 508 F.Supp. 1099 (S.D.N.Y.1981) (plaintiff raised a wholly new legal ground for relief which IRS could not have anticipated).

■ Crocker's original claim for refund stated all the facts and legal grounds for relief that he had available to him at that time. He made it clear that the IRS agent who calculated the deficiency assessment had miscalculated and misunderstood plaintiff's expenses and income.

The government's argument, therefore, that Crocker failed to raise in this original claim for refund either his claim that the Maxi-tax should have been applied, or his claim contesting the government's penalty assessment, is wholly unpersuasive. It is true that Crocker did not at that time spe-

cifically raise the Maxi-tax issue. The reason for his omission, he alleges, is that in 1980, when the original claim was filed, he had still not been successful in obtaining from the IRS information about the methods of calculation used in the deficiency assessment. Therefore, he did not know that the IRS agent who had prepared the deficiency notice had failed to recognize that much of Crocker's income was personal service income to which the Maxi-tax limit should have been applied.

The government may not require that "the taxpayer provide details which only the government possesses." *Neal v. United States,* 402 F.Supp. 678, 679 (D.N.J.1975). *See also Cumberland Portland Cement Co. v. United States,* 104 F.Supp. 1010, 1014 (Ct.Cl.1952) (where IRS had itself notified plaintiff of overassessment, it was held to have notice of the details of plaintiff's claim).

Apart from the issue of the Maxi-tax method of calculation of Crocker's income, the deficiency notice ·asserted a penalty, calculated as a percentage of the deficiency, based on plaintiff's alleged fraudulent bookkeeping. The government contends that Crocker's original refund claims failed to dispute this fraud penalty. To the extent that plaintiff claims that the penalty was calculated as a percentage of his tax liability, his claim as to the amount of the penalty was fairly implied in the original refund claim and therefore properly raised below. *See American National Bank & Trust Co. v. United States,* 594 F.2d 1141, 1143 n. 1 (7th Cir.1979) (IRS on notice as to penalty claim where plaintiff disputed income basis upon which tax should have been based).

Plaintiff also claims, however, that no penalty should have been assessed at all since no fraud was committed. It is arguable whether this claim cannot fairly be inferred from plaintiff's original refund claim. However, on July 31, 1979 and September 7, 1979, plaintiff informed the IRS by letter that he considered the penalty assessment to be erroneous and claimed that since he had not yet filed any returns at that point he could not have fraudulently prepared any returns. These letters did not comply with IRS regulations. 26 C.F.R. § 301.6402–2 and § 301.6402–3 (1982). The letters did, however, give the IRS notice that plaintiff claimed the fraud penalties to be "neither based upon the actual return filed nor any conduct of Mr. Crocker's."

The Court of Appeals for the Second Circuit has held that claims should not be dismissed because of "trivial mislabeling." *Scovill Mfg. Co., supra,* 215 F.2d at 570. Nevertheless, the Supreme Court has made it clear that unless the IRS explicitly waives formal requirements, unamended claims that clearly do not notify the IRS as to the grounds upon which the claim is based may be rejected by the IRS. *Angelus Milling Co. v. Commissioner,* 325 U.S. 293, 296, 65 S.Ct. 1162, 1164, 89 L.Ed. 1619 (1945) ("It is hardly contended that the confusing series of petitioner's claims which we have summarized, whether singly or in conjunction, obeyed the regulations."). This case, however, can be distinguished from *Angelus* since Crocker's letters, when examined in conjunction with his original claim for refund, can be considered an informal claim that put the IRS on notice as to the factual and legal grounds for refund.

An informal claim may be perfected by the filing of an amended claim even after the termination of the period of limitations.[2] *United States v. Memphis Cotton*

---

**2.** The statute of limitations applicable to refund claims requires that a claim be filed within three years after the date that the claimant's tax return was filed or within two years from the time the tax was paid whichever is later. 26 U.S.C. § 6511.

If Crocker, as he claims, actually filed tax returns for 1974 and 1975 on December 27, 1979, the period of limitations terminated on

December 27, 1982. If, however, as the IRS claims, Crocker never filed those returns, the statutory period began when the deficiency was paid and terminated two years thereafter on or about September 8, 1982.

For the purposes of this motion, the result is the same whether or not the returns were actually filed since we base our decision on the original refund claim and other communica-

*Oil Co.,* 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619 (1932). *See also United States v. Kales,* 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941). The primary function of the statutory period of limitations is to preclude stale demands. *Memphis Cotton Oil Co., supra,* 288 U.S. at 71, 53 S.Ct. at 281. In *Memphis,* the Supreme Court held that an informal claim that sets out the legal and factual grounds for relief tolls the statute of limitations even if not formally perfected. *Id. Cf. Clement v. United States,* 472 F.2d 776, 779 (1st Cir.) ("Informal claims have normally been recognized only in conjunction with later-filed 'perfecting' claims, the informal claim being allowed to toll the statute of limitations."), *cert. denied,* 414 U.S. 864, 94 S.Ct. 115, 38 L.Ed.2d 85 (1973). The standard for an informal claim was set out in *Barenfeld v. United States,* 442 F.2d 371, 374 (Ct.Cl.1971),

> "It is not necessary that a claim for refund or credit be submitted to the Internal Revenue Service in any particular form. If a taxpayer submits to the Internal Revenue Service some sort of written instrument which informs the administrative agency that the taxpayer believes that he has been subjected to an erroneous or illegal tax exaction, and that he desires a refund or credit because of such action, this is sufficient."

*Accord D'Amelio v. United States,* 679 F.2d 313 (3d Cir.1982); *Cumberland Portland Cement, supra,* 104 F.Supp. at 1012. A letter which specifically protests the assessment has been found to be a valid informal claim. *Newton v. United States,* 163 F.Supp. 614, 619, 143 Ct.Cl. 293 (Ct.Cl.1958). In *Newton,* the Court stated that "each case must be decided on its own peculiar set of facts with a view towards determining whether under those facts the Commissioner knew, or should have known, that a claim was being made." *Id. See also Cumberland Cement, supra,* 104 F.Supp. at 1013. Here, the let-

ters specifically contesting the penalty, when considered in conjunction with the original refund claim, gave the IRS adequate notice of plaintiff's legal and factual grounds for seeking a refund.

Crocker has "set forth facts sufficient to enable the [IRS] to make an intelligent administrative review of the claim." *Scovill Mfg. Co., supra,* 215 F.2d at 569. *See also American Nat'l Bank & Trust Co., supra,* 594 F.2d at 1143 n. 1 ("The purpose of the statute and regulations is to allow the IRS to make a reasonable and intelligent investigation and evaluation of the taxpayer's claim."). Since Crocker's original claim, considered in conjunction with letters mailed to the IRS, raised all the legal and factual grounds known to him at that time and not already in the exclusive possession of the IRS, the Court finds that Crocker acted with all possible diligence to put the IRS on notice. We hold, therefore, that the original claim gave adequate notice to toll the statute of limitations.

Crocker argued before this Court that remand to the agency for consideration of the amended claim would be futile because the IRS would again refuse to hear his claim. However, because of the unusually complex procedural history of this case and in consideration of the government's assurance (furnished at oral argument of this motion) that upon remand, the plaintiff's case would as a matter of routine practice be considered on the merits by a different office of the IRS than had previously handled plaintiff's proceedings, we conclude that the IRS should be given an opportunity to consider the merits of the amended claim.

■ Thus, although we conclude that a remand to IRS with respect to the statute of limitations issue would indeed be "futile" [3], we hold otherwise with respect to an

---

tions by the IRS prior to the earlier termination date.

**3.** The law requires that the IRS be given an opportunity to rule on a claim for refund. For this reason, no claim may be reviewed in a court until the IRS has either denied the claim

or failed to act for six months after the claim was filed. 26 U.S.C. § 6532.

The IRS has not made a formal ruling on the merits of the amended claim, nor have six months passed since it was filed. The government has argued, however, both orally and in

administrative determination of the merits of the claim. This Court should not review such a claim on the merits without the benefit of its consideration by the specialized agency entrusted by Congress to deal in the first instance with these matters.

## CONCLUSION

For the reasons stated above, the complaint is dismissed without prejudice to the filing of a new complaint after a decision by the IRS, or the expiration of six months from the date of this order, whichever first occurs.

SO ORDERED.

its motion papers, that since the original claim did not toll the statute of limitations and the amended claim was filed subsequent to the termination of the statutory period, the amended claim is barred. It is reasonable to assume that a final ruling by the agency would conform to its current position on this issue. Therefore, it would be "futile" to remand this case to the IRS for the purposes of deciding whether plaintiff's original claim tolled the statute of limitations. *Vander Malle v. Ambach,* 673 F.2d 49, 52 (2d Cir.1982); *Gregg B. v. Board of Ed. of Lawrence School District,* 535 F.Supp. 1333, 1337 (E.D.N.Y.1982).