Ricky J. WILLIS, Plaintiff,

v.

DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendants.

No. 93 CV 1418 (KMW).

United States District Court, S.D. New York.

March 31, 1994.

Ricky J. Willis, pro se.

Sarah Thomas, Asst. U.S. Atty., Mary Jo White, U.S. Atty., New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KIMBA M. WOOD, District Judge.

In a Report and Recommendation ("Report") issued on October 15, 1993, Magistrate Judge Kathleen Roberts recommended that defendant's motion for summary judgment be granted. Plaintiff, appearing *pro se*, filed timely objections, to which no responses were filed. After a *de novo* review of the Report and plaintiff's objections, I adopt Magistrate Judge Roberts' recommendation. For the reasons set forth below, defendant's motion for summary judgment is hereby granted, and plaintiff's complaint is dismissed.

### Background

Plaintiff alleges that during the tax years 1987 and 1998, income tax withheld from his salary exceeded the amount of his tax liability for those years. In neither year did plaintiff file a timely return. During or about February, 1990, plaintiff wrote defendant requesting copies of his W–2 forms for 1987 and 1988. Complaint at ¶ 4. On February 14, 1992, and again on April 8, 1992, defendant wrote plaintiff asking for additional information regarding his request. Pl.'s Opp. Ex. 1.[1] When defendant failed to receive a reply to these letters, it closed the file on plaintiff's request. *Id.* In response to a subsequent inquiry from plaintiff, defendant reopened the file on August 27, 1992. *Id.*, Ex. 2. Plaintiff received the requested copies of his W–2 forms on or about October 8, 1992. *Id.*, Ex. 4.

1. These letters indicate that they were in response to a request for information received by defendant on October 31, 1991, not February, 1990. However, defendant does not contest the claim that plaintiff first wrote to defendant requesting copies of his W–2 forms in February of 1990.

2. Magistrate Judge Roberts chose to address defendant's motion for summary judgment rather than its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. Section 6511(b)(2)(A) provides, in pertinent part:

   [T]he amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to three years plus the period of any extension of time for filing the return. . . .

On October 26, 1992, plaintiff filed his 1987 and 1988 tax returns. The returns claimed overpayment of $829.43 in 1987 and $458.13 in 1988. Thomas Decl., Ex. A, B. Defendant treated the returns as claims for a refund, pursuant to 26 C.F.R. § 301.6402–3(a)(5). *Id.*, ¶ 6. In letters dated December 15, 1992, defendant notified plaintiff that his claims were disallowed because the taxes in question had been paid more than three years prior to his request for a refund. *Id.*, Ex. C, D. On January 4, plaintiff commenced this lawsuit. Defendant responded with a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted or, alternatively, a motion for summary judgment.[2]

### Defendant's Summary Judgment Motion

██ A full analysis of defendant's motion for summary judgment is provided in the Report, and I do not repeat it here. In brief, Magistrate Judge Roberts concluded that defendant is entitled to summary judgment because plaintiff's claims for a refund are barred by 26 U.S.C. § 6511(b)(2)(A). Section 6511(b)(2)(A) provides that the amount of any refund is limited to the portion of the tax paid during the three years immediately prior to the date on which the claim for a refund is filed.[3] Here, plaintiff's request for a refund was filed on October 26, 1992, when he filed his 1987 and 1988 tax returns.[4] Plaintiff is deemed to have paid his 1987 and 1988 taxes in April 15, 1988 and April 15, 1989, respectively.[5] He made no

4. 26 C.F.R. § 301.6402–3(a)(5) states in relevant part that the filing of a tax return identifying an overpayment "constitutes a claim for refund . . . within the meaning of 6402 and 6511 . . ." For purposes of § 6511, such claim [for a refund] shall be considered as filed on the date on which such return . . . is considered as filed." Hence plaintiff's claim for a refund is properly considered as filed on October 26, 1992, when his 1987 and 1988 tax returns were filed.

5. The only taxes plaintiff paid for the 1987 and 1988 tax years were taxes withheld from his wages. Taxes withheld from wages are deemed to be paid on April 15 of the year following the close of the tax year. 26 U.S.C. § 6513(b)(1). Hence plaintiff's 1987 and 1988 taxes are deemed paid on April 15, 1988 and April 15, 1989, respectively.

other payments of taxes for these years. Therefore, under § 6511(b)(2)(A), plaintiff may not recover any portion of his 1987 or 1988 taxes. Report at 6.

Magistrate Judge Roberts rejected plaintiff's argument that he is entitled to a waiver of the statute of limitations because of defendant's delay in providing him with copies of his W–2 forms. She concluded that at least part of this delay was due to plaintiff's failure to respond to defendant's request for information. Report at 7. In addition, she suggested, plaintiff could have protected his rights by requesting an extension of time for filing a claim, or by filing a conditional or protective claim. *Id.* For the foregoing reasons, Magistrate Judge Roberts recommended granting defendant's motion for summary judgment.

### Plaintiff's Objections

The objections submitted by plaintiff *pro se* are not clearly articulated, and, for the most part, are restatements of arguments asserted in plaintiff's earlier submissions. However, reading the objections in the light most favorable to plaintiff, it is possible to infer two arguments that are either new, or not addressed in the Report. First, plaintiff points out that, although he did not file his 1987 and 1988 tax returns within the three-year period that would have entitled him to a refund, he did write to defendant requesting copies of his W–2 forms within the required period. *Id.* at 6. This statement could be construed as an argument that the request for the W–2 forms should be deemed a claim for a refund for purposes of § 6511(b)(2)(A). Second, plaintiff takes issue with Magistrate Judge Roberts' conclusion that he is not entitled to a waiver of the statute of limitations because the delay in receiving his W–2 forms was due in part to his own failure to respond to defendant's requests for information. Plaintiff asserts that he did not fail to re-

spond to defendant's requests for information, and that he responded to every letter from defendant that he received.[6] Pl.'s Obj. at 5. On this basis, plaintiff reiterates his argument that the delay in receipt of his W–2 forms is attributable to the negligence of defendant. Pl.'s Obj. at 4, 7. He appears to suggest that defendant's alleged negligent failure to respond to plaintiff's request should estop defendant from asserting the statute of limitations against him.[7]

A. *Whether plaintiff's request for W–2 forms constituted the filing of a claim for a refund*

■ Although ordinarily a request for a refund must be made formally, courts construing § 6511(b)(2)(A) have held taxpayers' letters to constitute "informal" refund claims, where such letters "put the Commissioner on notice that a right is being asserted with respect to an overpayment of tax." *Newton v. United States,* 163 F.Supp. 614, 618, 143 Ct.Cl. 293 (1958). Such an informal claim may be perfected by the filing of an amended claim, even after the termination of the statute of limitations period. *United States v. Memphis Cotton Oil Co.,* 288 U.S. 62, 71–73, 53 S.Ct. 278, 281–82, 77 L.Ed. 619 (1932). *See also United States v. Kales,* 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941); *Crocker v. United States,* 563 F.Supp. 496, 499–90 (S.D.N.Y.1983); *Radin v. United States,* 702 F.Supp. 38 (D.Conn.1988). Reading the objections in the light most favorable to plaintiff, plaintiff appears to suggest that his February, 1990 letter requesting copies of his W–2 forms should be treated as an informal claim for a refund. If the court were to accept this argument, plaintiff could be deemed to have filed his claim for a refund as early as February of 1990, less than three years after the payment of his 1987 and 1988 taxes, and his recovery would not be barred by § 6511(b)(2)(A).

---

6. Reading plaintiff's objections in the light most favorable to plaintiff, plaintiff may mean to contend that he responded to defendant's April 8 letter on April 15, 1992. Pl.'s Obj. at 3. Plaintiff claims that he never received defendant's letter of February 14, 1992. *Id.*

7. Alternatively, plaintiff's argument could be construed as an equitable tolling argument. Be-

cause plaintiff relies primarily on defendant's misconduct for his argument that the statute of limitations should not be applied, the argument is better characterized as a request for the application of equitable estoppel. See *infra* note 8 for a discussion of the applicability of the doctrine of equitable tolling to plaintiff's case.

■ Whether a communication to the IRS amounts to an informal claim for a refund is largely a question of fact. *United States v. Commercial National Bank of Peoria,* 874 F.2d 1165, 1170 (7th Cir.1989); *see also Crocker,* 563 F.Supp. at 500. Generally, however, "it is not enough that the IRS has in its possession information from which it might find that the taxpayer is entitled to, or might desire, a refund." *Bank of Peoria,* 874 F.2d at 1171 (quoting *American Radiator & Standard Sanitary Corp. v. United States,* 318 F.2d 915, 920, 162 Ct.Cl. 106 (1963)). An informal refund claim "must have a written component and should adequately apprise the Internal Revenue Service that a refund is sought and for certain years." *Id.* (quoting *American Radiator,* 318 F.2d at 920). *See also Crocker,* 563 F.Supp. at 500 (quoting *Barenfeld v. United States,* 442 F.2d 371, 374, 194 Ct.Cl. 903 (1971)) (taxpayer must submit written communication that informs IRS that he believes he was subjected to erroneous assessment and that he desires a refund). Here, plaintiff has alleged only that he wrote to defendant requesting copies of his W–2 forms. Such a request is open to a number of different interpretations and is not, by itself, sufficient to place defendant on notice that plaintiff desired a refund. *See D'Amelio v. United States,* 679 F.2d 313 (3d Cir.1982) (taxpayer's request for information that would enable it to determine independently whether it had overpaid its taxes merely gave notice that taxpayer might assert a claim for a refund, and did not constitute an informal claim); *Rhodes v. United States,* 552 F.Supp. 489 (D.Or.1982) (tax return which merely provides information from which the IRS might deduce taxpayer is entitled to a refund, without "focus[ing] Commissioner's attention on the merits of the particular dispute," does not constitute informal claim for a refund). Because plaintiff fails to allege facts from which a reasonable jury could conclude that defendant was on notice of his claim for a refund, plaintiff fails to raise a genuine question as to whether his request was an informal claim, and fails to defeat defendant's motion for summary judgment.

B. *Whether plaintiff is entitled to equitable estoppel*

■ The principle of equitable estoppel prohibits a party from asserting a statute of limitations as a defense where that party's conduct has induced another to refrain from bringing suit during the applicable limitations period. Here, plaintiff seems to argue that defendant's failure to respond to his request for W–2 forms induced him to refrain from filing a claim for a refund until after the limitations period had expired. Plaintiff's objection fails to defeat defendant's summary judgment motion, however, because even if defendant's negligence were the sole cause of the delay in receiving W–2 forms, this fact would not justify the application of the doctrine of equitable estoppel.

■ Equitable estoppel is to be applied against the government "with utmost caution and restraint." *Estate of Carberry v. Commissioner,* 933 F.2d 1124, 1127 (2d Cir.1991) (quoting *Boulez v. Commissioner,* 76 T.C. 209, 214–15, 1981 WL 11356 (1981) (citations omitted), *aff'd,* 810 F.2d 209, *cert. denied,* 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987)). The traditional elements of estoppel must be satisfied—that is, the party seeking estoppel must have reasonably relied on his adversary's conduct, and must have changed position for the worse in reliance on that conduct. *See Heckler v. Community Health Services,* 467 U.S. 51, 59–60, 104 S.Ct. 2218, 2223–24, 81 L.Ed.2d 42 (1984). In addition, where the proffered justification for estoppel is a government misdeed, some form of affirmative misconduct is generally required; negligence alone is insufficient to justify the application of equitable estoppel against the government. *Azizi v. Thornburgh,* 908 F.2d 1130, 1136 (2d Cir.1990) (equitable estoppel not applied where illegal alien missed deadline for reconsideration of "immediate relative" status due to reliance on visa wrongly issued by INS); *Cook v. Pension Benefit Guarantee Corp.,* 652 F.Supp. 1085, 1090 (S.D.N.Y.1987) (to raise an estoppel against the government, private litigant must demonstrate that government engaged in "affirmative misconduct," or that a decision in favor of government would "work a manifest injus-

tice"). Here, plaintiff has alleged no affirmative misconduct on the part of the government. Nor has he alleged facts suggesting that his decision not to file a claim for a refund within the limitations period was made in reasonable reliance on defendant's lack of response to his inquiries. Therefore the doctrine of equitable estoppel is not available to plaintiff.[8]

## Conclusion

For the reasons stated above, I adopt the recommendation of Magistrate Judge Roberts. Defendant's motion for summary judgment is hereby granted. The Clerk of the Court is hereby directed to dismiss plaintiff's complaint with prejudice.

SO ORDERED.

---

[8]. In an earlier affidavit, plaintiff appears to rely on the doctrine of equitable tolling, a principle related to, but distinct from, equitable estoppel. The doctrine of equitable tolling provides for a suspension of the statute of limitations where some characteristic of the claimant renders the normal application of the statute unfair. Equitable tolling against the government is usually applied in situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), *reh'g denied*, 498 U.S. 1075, 111 S.Ct. 805, 112 L.Ed.2d 865 (1991). It has also been applied where the claimant is incompetent. See *Wiltgen v. United States*, 813 F.Supp. 1387, 1394 (N.D.Iowa 1992) (tolling § 6511(b)(2)(A) requirement for mentally ill individual); *Johnsen v. United States*, 758 F.Supp. 834, 836 (E.D.N.Y.1991) (tolling § 6511(b)(2)(A) requirement for adjudicated incompetent). In his earlier memorandum, plaintiff seemed to argue that personal hardships, such as his homelessness during much of the relevant period and the theft of his tax records, justified equitable tolling of the limitations period. Pl.'s Aug. 31 Aff. at 4.

Magistrate Judge Roberts did not address this issue in her Report, and plaintiff did not reassert the argument in his Objections. To the extent plaintiff seeks to rely on the principle of equitable tolling, however, the facts alleged do not justify the application of the doctrine. Equitable tolling against the government is "typically extended ... only sparingly." *Irwin*, 498 U.S. at 96, 111 S.Ct. at 458. None of the traditional factors justifying application of the principle is present here. There is no allegation of trickery, only negligence. Plaintiff is not incompetent. As explained in Part A, *supra*, plaintiff's request for copies of his W-2 forms does not amount to a claim for a refund. Therefore the statute of limitations set forth in § 6511(b)(2)(A) may not be equitably tolled for plaintiff.