Hoang Minh PHAM, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 97–284 T.

United States Court of Federal Claims.

Feb. 26, 1999.

Hoang Minh Pham, plaintiff, pro se.

Charles M. Ruchelman, with whom were, on the briefs, Loretta C. Argrett, Assistant Attorney General, Mildred L. Seidman, Chief, and David Gustafson, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant.

## ORDER AND OPINION

SMITH, Chief Judge.

This case is before the court on defendant's Motion to Dismiss in Part plaintiff's Complaint. Plaintiff seeks a refund of $5,782.02 in employer's trust fund penalties he paid to the Internal Revenue Service (IRS). Plaintiff claims he was not the person responsible for paying over employment taxes from the trust fund of Bellaire Auto Parts and Service (Bellaire). Defendant's Motion to Dismiss in Part deals only with the question of whether plaintiff filed his administrative claim for refund within the two year statute of limitations imposed by 26 U.S.C. § 6511. Defendant's Motion to Dismiss in Part the Complaint is hereby GRANTED for the reasons set forth below.

## FACTS

Plaintiff's company, a partnership, was purchased by Mr. Besa. Plaintiff continued to work as shop foreman and handled day-to-day administration. Plaintiff claims he was called Vice President by Mr. Besa but not given enough authority to make him a "responsible person." Plaintiff explains that

Mr. Besa would have him sign 15 to 20 blank checks so the front office could use them to pay suppliers. The IRS claims that plaintiff paid other creditors instead of taxes even after he knew taxes were owed. Plaintiff states that he thought Mr. Besa or his sons were paying the taxes. Plaintiff claims that Mr. Besa simply wanted to keep the money. Plaintiff also claims that Mr. Besa had final say over forms 941 and taxes.

Plaintiff acknowledges in his complaint that he signed forms 941, Employer's Quarterly Federal Tax Returns, for the third and fourth quarters of 1986 on behalf of Bellaire Auto Parts. (*See* Plaintiff's Complaint at IV; appendix at exhibits 3–2, 3–3.) These forms 941 were filed late and without payment. They were signed by plaintiff on April 12, 1987 and received by the IRS on April 17, 1987. The taxes due with these forms 941 were ultimately paid by the corporation, not by plaintiff. Plaintiff was assessed penalties for non-payment of employment taxes for the third and fourth quarters of 1986 as well as for the first and second quarters of 1987. Plaintiff states in his complaint that forms 941 for those quarters of 1987 "were signed and prepared under Mr. Besa and of which I had no information." *Id.* Copies of third and fourth quarter 1986 forms 941, included with plaintiff's complaint as exhibits 3–2 and 3–3, show plaintiff's signature as President. Copies of first and second quarter 1987 forms 941, included with plaintiff's complaint as exhibits 3–4 and 3–5, show a clearly different signature, possibly Mr. Besa's, apparently not plaintiff's, but still purported to be that of Bellaire's President. Plaintiff states in his complaint that "[f]orms 941 for the last two quarters 3/31/87 and 6/30/87 were signed and prepared under Mr. Besa and of which I had no information."

According to the official IRS certificate of assessments and payments, plaintiff paid $3,935.15 in penalties, mostly in $500 installments, between February 3, 1992 and November 3, 1993, more than two years before plaintiff filed his administrative claim for a refund of $5,782.02 in penalties with the IRS on November 14, 1995. Plaintiff paid an additional $1846.87 in penalties after November 14, 1992, within two years of filing his refund claim. Those most recent payments were made as follows:

| | |
|---|---|
| 12/1/93 | $500.00 |
| 12/30/93 | $500.00 |
| 2/7/94 | $500.00 |
| 2/28/94 | $346.87 |
| Total | $1,846.87 |

Plaintiff does not contest the government's records as to the amount of these payments or when they were made.

## DISCUSSION

26 U.S.C. § 6511 states in relevant part:

Limitations on credit or refund

(a) Period of limitation on filing claim.— Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

(b) Limitation on allowance of credits and refunds.—

(1) Filing of claim within prescribed period.—No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or a refund is filed by the taxpayer within such period.

(2) Limit on amount of credit or refund.—

. . .

(B) Limit where claim not filed within 3 year period.—

If the claim was not filed within such 3 year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

The parties do not dispute the fact that some responsible person had a duty to pay over employment taxes on behalf of Bellaire

Auto Parts. Because the employment taxes were not paid over in a timely fashion some responsible person is liable for a 100% penalty under § 6672(a)[1]. Plaintiff simply asserts that he is not that responsible person. Although plaintiff may ultimately show that he was not "a taxpayer required to file a return" with respect to Bellaire's employment taxes, he is still subject to the two year statute of limitations imposed by § 6511 insofar as he seeks a refund of the penalties he has paid.

Although § 6511(a) does not specify what constitutes a return with respect to a penalty under § 6672, under either of two possible interpretations plaintiff is subject to the two year statute of limitations. Plaintiff was required to file his administrative claim for refund by the later of three years from the date returns were filed or two years from "the time the tax [penalty] was paid." § 6511(a). If plaintiff's forms 941 are considered returns, then he was required to file any administrative claim for refund within two years of when he made each penalty payment because the longer, three year, period following his filing forms 941 in April 1987 would have long since expired, in April of 1990. Even if no return was considered to have been filed with respect to plaintiff's § 6672 penalties, plaintiff was still required to file his administrative claim by two years from "the time the tax [penalty] was paid." § 6511(a).

Section 6672(a) states in relevant part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected or not accounted for and paid over.

■ The term "tax" encompasses penalties such as those paid to the IRS by plaintiff. The 100% penalty assessed under § 6672 for failure to collect and pay over tax is a "tax imposed by this title" as referenced by § 6511(a). According to § 6671(a), penalties under § 6672 are "assessed and collected in the same manner as taxes." Section 6671(a) goes on to state that "[e]xcept as otherwise provided, any reference in this title [the I.R.C.] to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter [Subchapter B, Assessable Penalties]."

■ Although, as noted above, plaintiff does not contest the government's records as to the amount of his payments or when they were made, the parties disagree as to when the two-year limitation period begins. The government assigns each payment its own two-year limitation period. Plaintiff argues that, according to § 6513(a), the two year limitation period runs from the date of his last installment payment on February 28, 1994. (See Plaintiff's Response at 3, 6.) Section 6513(a) states in relevant part:

For purposes of section 6511(b)(2) and (c) and section 6512, payment of any portion of the tax made before the last day prescribed for the payment of the tax shall be considered made on such last day. For purposes of this subsection, the last day prescribed for filing the return or paying the tax shall be determined without regard to any extension of time granted the taxpayer and without regard to any election to pay the tax in installments.

■ Section 6513(a) is not relevant to plaintiff's situation because plaintiff did not make payments "before the last day prescribed for the payment of the tax [penalty]." Plaintiff did not make penalty payments early, he made them late, allegedly under an installment agreement. "[A]ny election to pay the tax in installments" does not extend "the last day prescribed for ... paying the tax [penalty]." *Id.*

■ The statute of limitations imposed by § 6511 is meant to prompt potential claimants to present their claims in a timely fashion. *Crocker v. United States*, 563 U.S.C.

---

**1.** Unless otherwise indicated, section numbers refer to the Internal Revenue Code, Title 26

F.Supp. 496, 500 (S.D.N.Y.1983) (citing *United States v. Memphis Cotton Oil Co.*, 288 U.S. 62, 71, 53 S.Ct. 278, 77 L.Ed. 619 (1933)). Even claimants who would otherwise be entitled to a refund of taxes paid can lose that entitlement through delay. *Kavanagh v. Noble*, 332 U.S. 535, 539, 68 S.Ct. 235, 92 L.Ed. 150 (1947) (citing *Rosenman v. United States*, 323 U.S. 658, 661, 65 S.Ct. 536, 89 L.Ed. 535 (1945)). The court must strictly adhere to such limitation periods. *Id.* No refund will be allowed unless plaintiff filed his claim within the prescribed period. *See* §§ 6511(b)(2)(B) and 6513(a). Accordingly, plaintiff loses any entitlement he may have had to a refund of $3935.15 in penalty payments made by him or credited toward his alleged liability prior to November 14, 1993, that is to say more than two years before he filed his administrative claim. Plaintiff may proceed with his claim for a refund of $1846.87, the payments made by him or credited toward his alleged liability after November 14, 1993.

Plaintiff states in his briefs that Mr. Besa was the responsible person who should have paid the business's employment taxes and, therefore, that Mr. Besa owed the entire 100% penalty. The issue of whether plaintiff was a "person required to collect, truthfully account for, and pay over" Bellaire's employment taxes for the periods at issue, and if so, whether plaintiff willfully failed to do so must still be resolved.

The court will allow 120 days from the date of this opinion for the parties to complete discovery. Within 20 days following the close of discovery, the parties shall notify the court that discovery has been completed and submit a joint proposed schedule for conducting the pretrial activities set forth in paragraphs 9, 11, 12, 13, 14, and 15 of Appendix G to the Rules of the Court of Federal Claims. Alternatively, at any time, the parties may propose a schedule for filing summary judgment motions or request a stay of proceedings to allow for settlement discussions. The court strongly urges the parties to pursue settlement.

**IT IS SO ORDERED.**